IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CALVIN J. BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:20-cv-00348 |
| | ) | |
| MARS PET CARE, INC., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment. (Doc. No. 23). Plaintiff filed a Response in Opposition (Doc. No. 24) and Defendant filed a Reply (Doc. No. 25). For the reasons discussed below, Defendant's motion for summary judgment will be **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Calvin J. Barnes ("Barnes") began working for Defendant Mars Pet Care, Inc. ("Mars") in August 2014 as the Supply Chain Business Systems Manager. (Doc. No. 24-1 ¶ 1). In July 2018, Amee Green ("Green") began working for Mars and became Barnes' immediate supervisor. (*Id*. at ¶¶ 4-8). Green conducted Barnes' mid-year review on August 29, 2018. (*Id*. at ¶ 38). On or about October 25, 2018, Green issued Barnes a Performance Improvement Plan. (*Id*. at ¶¶ 60, 62). On November 26, 2018, Green conducted a 30-day review of Barnes' progress on the Performance Improvement Plan. (*Id*. at ¶ 76). Barnes was terminated on January 2, 2019. (*Id*. at ¶ 90). Mars hired a white male to replace Barnes. (*Id*. at ¶ 131).

On April 24, 2020, Barnes filed suit against Mars, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1) *et seq*. and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, *et seq*. (Doc. No. 1).

## II.  STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts.  *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case.  *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party.  *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015).  The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party.  *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## III.  ANALYSIS

To establish a *prima facie* case of discrimination under Title VII and the THRA, a plaintiff must show that: (1) they are a member of a protected group; (2) they were subjected to an adverse employment decision; (3) they were qualified for the position; and (4) they were replaced with someone outside of the protected class or similarly situated non-protected employees were treated

more favorably. *See Smith v. City of Toledo, Ohio*, 13 F.4th 508, 515 (6th Cir. 2021); *Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008).[1]

### A. Qualified for the position

Mars argues that Barnes cannot establish the third element of his *prima facie* case – that he was qualified for his position – because Barnes was not satisfactorily performing his job or meeting Mars' performance expectations. (*See* Doc. No. 23-1 at 12-19 (citing *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir. 1990)). However, "[a]t the prima facie stage, a court should focus on a plaintiff's *objective* qualifications to determine whether he or she is qualified for the relevant job." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 575 (6th Cir. 2003) (emphasis in original). Objective criteria that courts may consider in determining whether a plaintiff can satisfy the qualification prong of their *prima facie* case include the employee's "education, experience in the relevant industry, and demonstrated possession of the required general skills." *George v. Youngstown State Univ.*, 966 F.3d 446, 464-65 (6th Cir. 2018) (quoting *Wexler*, 317 F.3d at 576). Mars does not claim that Barnes lacked such qualifications, and the record shows Barnes worked for Mars in the position of Supply Chain Business Systems Manager for over four years until his termination. Accordingly, the Court finds that Barnes has satisfied his *prima facie* burden of proof as to the third element of his discrimination claims.

### B. Replaced by Someone Outside of Protected Class

Mars argues that Barnes cannot establish the fourth element of his *prima facie* case because he has failed to set forth any evidence of similarly situated associates who were treated more favorably. (Doc. No. 23-1 at 19-20). As noted above, a plaintiff can also satisfy this element by

---

[1] "The analysis of claims brought pursuant to the THRA is identical to the analysis used for Title VII claims." *Austin v. Alexander*, 439 F. Supp. 3d 1019, 1024 n.2 (M.D. Tenn. 2020) (quoting *Bailey v. USF Holland, Inc.*, 526 F.3d 880, 885 n.1 (6th Cir. 2008)).

demonstrating that they were replaced by someone outside of the protected class. *See Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008). Here, it is undisputed that Barnes was replaced by someone outside of the protected class. (Doc. No. 24-1 ¶ 131). As such, the Court finds that Barnes has satisfied his *prima facie* burden of proof as to this element.

### C. Pretext

Mars claims that Barnes was terminated for failing to make consistent and significant improvement. (Doc. No. 23-1 at 12-19). Because Mars put forth a legitimate, nondiscriminatory explanation, the burden shifts back to Barnes to identify evidence from which a reasonable jury could conclude that the proffered reason is actually pretext for discrimination. An employee can show pretext "by offering evidence that (1) the employer's stated reason had no basis in fact, (2) the stated reason did not actually motivate the employer, or (3) the stated reason was insufficient to warrant the adverse employment action." *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 590 (6th Cir. 2014).

To show pretext, Barnes points evidence that his team received recognition as having multiple successes across various programs, but that upper-level management repeatedly failed to acknowledge Barnes' efforts in leading his team to those successes. (Doc. No. 24 at 14-15 (citing Doc. No. 24-2, PageID # 366, 369, 398-99)). Additionally, Barnes argues that Mars deviated from its policy and normal course of business in its dealings with him. (*Id*. at 15-17). He asserts that Green imposed an arbitrarily heightened disciplinary action on him during September 2018 instead of providing coaching or a Performance Improvement Plan. (*Id*. at 16-17 (citing Doc. No. 24-3, PageID # 444)). Barnes points to evidence that David Colyott, who served as his supervisor from January 2018 until July 2018 (*see* Doc. No. 24-2, PageID # 358-59), did not express any concerns about Barnes' performance or provide any feedback that Barnes' performance was trending to

4

Below Expectations during their one-on-one meetings in February 2018, April 2018, or June 2018. (Doc. No. 24 at 15 (citing Doc. No. 24-6, PageID # 477)). Barnes also contends that Mars cannot point to someone outside of the protected class who was terminated in the middle of their Performance Improvement Plan like he was, arguing that this irregular application of policy is further evidence of pretext, the validity of which is an issue of material fact to be decided by a jury. (*Id*. at 17-19).

Viewing the evidence and drawing all reasonable inferences in the light most favorable to Barnes, the Court finds that a reasonable jury could determine that Mars' proffered reason was pretext for discrimination. Accordingly, Mars' motion for summary judgment will be denied.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE